IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

AMY NGUYEN

Plaintiff,

v.

SAXON MORTGAGE SERVICES, INC. and LSI TITLE COMPANY OF OREGON

Defendants.

No. CV-10-353-HZ

OPINION AND ORDER

Lan D. Nguyen
LAW OFFICE OF LAN D. NGUYEN
8734 SE Division St.
Portland, OR 97266

Steven C. Burke
CASE & DUSTERHOFF, LLP
9800 SW Beaverton Hillsdale Hwy., Suite 200
Beaverton, OR 97005

Attorneys for Plaintiff

David J. Elkanich
HINSHAW & CULBERTSON, LLP
1000 SW Broadway, Suite 1250
Portland, OR 97205-3078

Attorney for Defendant Saxon Mortgage Services, Inc.

Lisa M. McMahon-Myhran
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle, WA 98104

Attorney for LSI Title Company Of Oregon, LLC

## INTRODUCTION

In this action, mortgagor Amy Nguyen ("Nguyen" or "Plaintiff") brings claims against Saxon Mortgage Company Services, Inc. ("Saxon") and LSI Title Company of Oregon ("LSI Title") (collectively "Defendants") for (1) failure to comply with the time and notice requirements for a foreclosure sale under ORS 86.740, 86.742, 86.750, 86.753, and 86.755; (2) violation of the Oregon Unlawful Trade Practices Act ("UTPA"), ORS 646.605-646.652; and (3) misrepresentation. She seeks an injunction against the transfer of title of her property, an order for specific performance, and damages. Now before me is Plaintiff's motion for partial summary judgement (doc. #30), Saxon's cross-motion for partial summary judgement (doc. #34), and LSI Title's cross-motion for partial summary judgment (doc. #37).

## BACKGROUND

The Complaint alleges that on July 25, 2006, Plaintiff executed an adjustable rate note (the "Note") in the amount of $374,800 with Taylor, Bean & Whitaker Mortgage Corporation ("Taylor Bean"). See Compl., ¶ 1; see also Decl. of Michael M. Le in Supp. of LSI Title's Mot.

for Summ. J. ("Le Decl."), Ex. A. The Note was secured by a Deed of Trust to residential property located at 1813 SW Willowview Terrace, Aloha, Oregon (the "Property"). See Le Decl., Ex. B, p. 7. The Note and Deed of Trust were assigned to Saxon. See Compl., ¶ 1. In January 2009, LSI Title was substituted as trustee under the Deed of Trust. See Le Decl., Ex. C.

Plaintiff stopped making payments on the Note in July 2008. See Compl., ¶ 2. On January 22, 2009, LSI Title recorded a Notice of Default and Election to Sell ("First Notice"), which disclosed that a foreclosure sale would occur on June 2, 2009. See Le Decl., Ex. D. On March 27, 2009, LSI Title rescinded the First Notice and recorded the rescission. See Id., Ex. E. On the same day, March 27, 2009, LSI Title recorded a new Notice of Default and Election to Sell ("Second Notice"), which disclosed a foreclosure sale date of August 7, 2009. See Id., Ex. F.

On August 10, 2009, an Affidavit of Mailing Notice of Sale ("Affidavit of Mailing") was recorded in Washington County, Oregon. See Decl. of Amy Nguyen in Supp. of Pl.'s Mot. for Partial Summ. J. ("Nguyen Decl."), Ex. 5, p. 14. It disclosed that the Second Notice was mailed on April 7, 2009, to Plaintiff at the following two addresses: (1) 1813 SW Willowview Terrace, Aloha, Oregon (the Property's address); and (2) 3121 NE Rocky Butte Lane, Portland, Oregon (Plaintiff's residence). See Le Decl., Ex. G. Plaintiff was also sent a Notice to Grantor pursuant to ORS 86.737(1) disclosing a foreclosure sale date of August 7, 2009. See Nguyen Decl., Ex. 5, p. 22-23.

Between January 2009 and January 2010, the parties were engaged in negotiations, first for a loan modification and later for a short sale. See Compl., ¶¶ 4-5. During these negotiations, the date of the foreclosure sale was extended several times. See Id., ¶ 4. Despite the

negotiations, the foreclosure sale occurred on January 25, 2010. See Id., ¶ 3. Defendants, however, rescinded the foreclosure sale on June 8, 2010. See Decl. of David Elkanich in Supp. of Saxon's Mot. for Partial Summ. J. ("Elkanich Decl."), ¶ 7; Id., Ex. D.

## PROCEDURAL HISTORY

This case was removed from the Circuit Court of the State of Oregon for the County of Washington to the United States District Court for the District of Oregon on March 30, 2010, on the basis of diversity jurisdiction. Plaintiff filed a motion to remand (doc. #8) on April 8, 2010, but withdrew her motion on May 19, 2010 (doc. #19). On January 3, 2011, the Honorable Ancer L. Haggerty noted that Plaintiff had failed to prosecute the case after withdrawing her motion to remand and ordered Plaintiff to show cause in writing by January 14, 2011, as to why the case should not be dismissed for want of prosecution. (Doc. #20). Plaintiff filed a memorandum to show cause on January 12, 2011 (doc. #27), and the court, concluding that good cause had been shown, set a deadline of August 31, 2011, for completing all discovery and filing dispositive motions. (Doc. #28). On February 23, 2011, this case was reassigned to me. Plaintiff filed her motion for partial summary judgment on March 1, 2011 on her claim that Defendants failed to give her proper notice. See Pl.'s Mem. in Supp. of Mot. for Partial Summ. J., p. 1. Both Saxon and LSI Title filed separate cross-motions for partial summary judgment on March 22, 2011.

## STANDARDS

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. E.g.,

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party need only demonstrate that there is an absence of evidence to support the non-moving party's case. Id. at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" Id. at 324 (quotation omitted). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment ." Id. However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. See Thornhill Publ'n Co., Inc. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979).

## DISCUSSION

### I. Plaintiff's Motion for Partial Summary Judgment

#### A. Publication of the Second Notice

Plaintiff asserts that the Second Notice was not published as required under ORS 86.750(2). Defendants argue that they published the Second Notice four times in the Daily Journal of Commerce.

Pursuant to ORS 86.750(2), "[a] copy of the notice of sale must be published in a newspaper of general circulation in each of the counties in which the property is situated once a week for four successive weeks. The last publication must be made more than 20 days prior to the date the trustee conducts the sale."

Here, the record shows that a copy of the Second Notice was published in the Daily Journal of Commerce, a newspaper of general circulation in Clackamas, Multnomah, and Washington counties, once a week for four consecutive weeks from April 16, 2009, through May 7, 2009. See Le Decl., Ex. I. Defendants clearly met the notice requirements pursuant to ORS 86.750(2). Accordingly, Plaintiff's argument lacks merit.

**B. Whether the Foreclosure Sale Was Within 180 Days of the Designated Sale Date**

Plaintiff asserts that the foreclosure sale violated ORS 86.755(2) because it was postponed for more than 180 days after June 2, 2009, the original sale date. Defendants contend that the proper designated sale date to use is August 7, 2009, and therefore the foreclosure sale date fell within 180 days of the designated sale date.

Under ORS 86.755(2), "[t]he trustee . . . may postpone the sale for one or more periods totaling not more than 180 days from the original sale date, giving notice of each adjournment by public proclamation made at the time and place set for sale." Here, the First Notice disclosed a foreclosure sale date of June 2, 2009. See Le Decl., Ex. D. However, on March 27, 2009, the rescission of the First Notice was recorded, and the Second Notice disclosing a foreclosure sale date of August 7, 2009, was also recorded. See Id., Ex. E-F. Because the First Notice was rescinded and the Second Notice was instituted, I find that the January 25, 2010, foreclosure sale took place within 180 days of August 7, 2009, the sale date disclosed in the Second Notice.

When viewing the evidence in the light most favorable to Defendants and drawing all reasonable inferences in favor of Defendants, I find that Plaintiff is not entitled to partial summary judgment on this argument.

**C. Recording of Affidavits**

In her reply, Plaintiff raises for the first time the additional argument that Defendants failed to satisfy the recording requirements under the Oregon foreclosure statutes, including the requirement that the trustee record the affidavit of mailing, service, and publication pursuant to ORS 86.750(3). See Pl.'s Reply Mem. In Supp. of Mot. For Partial Summ. J ("Pl.'s Reply"), p. 7-9. Plaintiff also raises for the first time in her reply the argument that Defendants' actions make them liable for conversion. See Id. I will not consider these arguments because Plaintiff's complaint and initial memorandum supporting her motion is absent of any allegations that Defendants failed to satisfy the recording requirements under Oregon foreclosure statutes or that Defendants are liable for conversion. See Brass v. Cnty. of L.A., 328 F.3d 1192, 1197-98 (9th Cir. 2003) (upholding district court's finding that plaintiff had waived § 1983 arguments raised for first time in summary judgment motion where such arguments were not included in the amended complaint); see also Mitchell v. Tri-Cnty. Metro. Transp. Dist., No. 04-CV-1359-BR, 2005 WL 3447941, at *9 (D. Or. 2005) (concluding that "[t]he [c]ourt . . . need not consider arguments made for the first time in a [motion for summary judgment] reply brief") (citation omitted).

## II. Defendants' Motion for Partial Summary Judgment

### A. Accord and Satisfaction

Saxon argues that there was an accord and satisfaction between Saxon and Plaintiff whereby Plaintiff agreed not to file a motion for summary judgment on its first claim for relief based on the same arguments brought here if Saxon agreed to rescind the January 25, 2010, foreclosure sale. Saxon's argument is unavailing.

"An accord and satisfaction is a type of executed, substituted contract, which extinguishes a previous obligation." Lenchitsky v. H.J. Sandberg Co., 343 P.2d 523, 526 (Or. 1959) (citations omitted). Under an accord and satisfaction, the original contract is extinguished and replaced by the terms of the new contract. See Savelich Logging Co. v. Preston Mill Co., 509 P.2d 1179, 1182 (Or. Ct. App. 1973).

I find the agreement between the parties ambiguous. Here, the only evidence in the record indicating that an agreement was made between Plaintiff and Saxon are copies of emails exchanged between the two parties. See Am. Decl. of Steven Burke in Supp. of Pl.'s Reply ("Am. Burke Decl."), Ex. 8. The details of the agreement as set forth in the emails, however, are vague and lacking any specifics. At oral argument on May 18, 2011, Plaintiff's counsel argued that the agreement between the parties was different than what Saxon represents here. Based on the lack of detail in the agreement, I am unable to determine whether Plaintiff's actions violated the intent of the parties. Viewing the evidence in a light most favorable to Plaintiff, and drawing

all justifiable inferences in her favor, I cannot conclude that Saxon is entitled to summary judgment based on the evidence here.[1]

**B. Whether a Hearing Must Be Held Pursuant to ORS 86.742(3)**

In its motion for partial summary judgment, Saxon argues that I am required to hold a hearing to determine whether Plaintiff had the ability to cure the default pursuant to ORS 86.742(3). At oral argument on May 18, 2011, Saxon again raised this argument. I, however, ruled that this court was not required to hold such a hearing.

ORS 86.742(3) provides in its entirety:

> In an action against the trustee under subsection (2) of this section, any defendant or third party defendant may <u>move for dismissal</u> on the ground that the omitted person would not or could not have cured the default and reinstated the trust deed if the omitted person had received the notice required by ORS 86.740 (1)(c). The court shall hold a hearing <u>on such motion</u> prior to any hearing on any motion for summary judgment, and prior to trial of the action. The court shall deny <u>the motion</u> only if the omitted person produces affidavits or other evidence sufficient for a reasonable jury to find, applying a standard of clear and convincing evidence, that the omitted person had the financial ability to cure the default under ORS 86.753 prior to the date of the trustee's sale, and that the omitted person would have done so had the omitted person received the notice required by ORS 86.740 (1)(c). If the court grants <u>the motion to dismiss</u> it shall award attorney fees pursuant to subsection (5) of this section.

Id. (Emphasis added).

The plain language of ORS 86.742(3) clearly applies to motions to dismiss, not motions for summary judgment as is the case here. Although Saxon had the opportunity to file a motion

---

[1] Plaintiff argues that Saxon's argument fails because Saxon did not plead its accord and satisfaction argument as an affirmative defense. Plaintiff's assertion is unpersuasive. Here, Saxon filed its answer on April 30, 2010, and LSI Title filed its answer on May 19, 2010. The foreclosure sale, however, was not rescinded until June 8, 2010. Requiring Defendants to assert affirmative defenses based on events that had not yet occurred when answering the complaint would be nonsensical.

to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it chose not to do so. In light of the language of ORS 86.742(3), I am not persuaded that this court or Plaintiff must now meet requirements of a statute applicable to a motion not presently before me. Saxon's argument lacks merit and fails on procedural grounds.

**III. Notice of the Actual Sale Date**

Defendants argue that Plaintiff was given actual notice of the August 7, 2009, foreclosure sale date, and therefore the foreclosure sale is valid. Plaintiff concedes that "Defendants have established Plaintiff knew of a sale date in June and August of 2009," but asserts that she had no knowledge of the actual January 25, 2010, sale date until after it had occurred. See Pl.'s Reply, p. 8; see also Compl., ¶¶ 5-6. She further alleges that Defendants "failed to give the Plaintiff the notice of sale as required by Oregon Revised Statutes 86.742. . . . Defendant's conduct deprived the Plaintiff of the opportunity to cure the default." Compl., ¶ 9.

ORS 86.742 (1) provides as follows:

> If the trustee fails to give notice of the sale to any person entitled to notice under ORS 86.740 (1)(c), and such person did not have actual notice of the sale at least 25 days prior to the date the trustee conducted the sale, such omitted person shall have the same rights possessed by the holder of a junior lien or interest who was omitted as a party defendant in a judicial foreclosure proceeding, and the purchaser at the trustee's sale or the purchaser's heirs, assigns or transferees, shall have the same rights possessed by a purchaser at a sheriff's sale following a judicial foreclosure.

ORS 86.742(4) provides:

> In any action against the trustee or any other party under this section the omitted person shall plead that the omitted person did not have actual knowledge of the sale at least 25 days prior to the date the trustee conducted the sale, but thereafter the defendant shall have the burden of proving that the omitted person did have such notice.

Here, Defendants do not offer any evidence, and I find no evidence, contradicting Plaintiff's statement that she did not have notice of the January 25, 2010, foreclosure sale. Defendants fail to meet their burden on evidentiary grounds, and therefore, are not entitled to summary judgment in their favor.

Plaintiff's motion for partial summary judgment fails for similar reasons. Under ORS 86.742(2), "the omitted person shall be entitled to damages upon proof that: . . . (c) The omitted person could and would have cured the default under ORS 86.753 . . . ." Here, the complaint alleges that Plaintiff received and accepted an offer for a short sale and that "[a]t the time of the foreclosure sale, Plaintiff was under the impression that the short sale [was] close to being approved." Compl., ¶¶ 4-5. It also alleges that Plaintiff had the ability to cure the default. See Id., ¶¶ 6, 12. Beyond these conclusory allegations, Plaintiff does not offer specific facts or evidence supporting her claim. See, e.g., Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data.") (Citation omitted). Viewing the evidence in a light most favorable to Defendants, and drawing all justifiable inferences in their favor, I conclude that Plaintiff is not entitled to summary judgment on her claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment (doc. #30) is denied, Saxon's motion for partial summary judgment (doc. #34) is denied, and LSI Title's motion for partial summary judgment (doc. #37) is denied.

IT IS SO ORDERED.

Dated this 31st day of May 2011.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge