IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

AMY NGUYEN

                Plaintiff,

    v.

SAXON MORTGAGE SERVICES, INC. and
LSI TITLE COMPANY OF OREGON

              Defendants.

No. CV-10-353-HZ

OPINION AND ORDER

Lan D. Nguyen
LAW OFFICE OF LAN D. NGUYEN
8734 SE Division St.
Portland, OR 97266

Steven C. Burke
CASE & DUSTERHOFF, LLP
9800 SW Beaverton Hillsdale Hwy., Suite 200
Beaverton, OR 97005

      Attorneys for Plaintiff

1 - OPINION AND ORDER

David J. Elkanich
HINSHAW & CULBERTSON, LLP
1000 SW Broadway, Suite 1250
Portland, OR 97205-3078

    Attorney for Defendant Saxon Mortgage Services, Inc.

Lisa M. McMahon-Myhran
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle, WA 98104

    Attorney for LSI Title Company Of Oregon, LLC

## INTRODUCTION

Before me is Plaintiff's Motion to Amend her complaint ("Motion to Amend") (doc. #59).

For the reasons set forth below, Plaintiff's Motion to Amend is denied.

## BACKGROUND

This case was removed from the Circuit Court of the State of Oregon for the County of

Washington to the United States District Court for the District of Oregon on March 30, 2010, on

the basis of diversity jurisdiction.  Plaintiff Amy Nguyen's ("Nguyen" or "Plaintiff") brings

claims against Saxon Mortgage Company Services, Inc. ("Saxon") and LSI Title Company of

Oregon ("LSI Title") (collectively "Defendants") for (1) failure to comply with the time and

notice requirements for a foreclosure sale under ORS 86.740, 86.742, 86.750, 86.753, and

86.755; (2) violation of the Oregon Unlawful Trade Practices Act ("UTPA"), ORS 646.605-

646.652; and (3) misrepresentation.  Her complaint seeks an injunction against the transfer of

title of her property, an order for specific performance, and damages.

Plaintiff now seeks to amend her complaint, alleging (1) unlawful disclosure; (2) promissory estoppel; (3) misrepresentation; (4) violation of UTPA, ORS 646.608; and (5) breach of implied duty of good faith and fair dealing. Plaintiff's new promissory estoppel claim also seeks punitive damages in the amount of up $1,000,000.

In March 2011, Plaintiff filed a motion for partial summary judgement, and Saxon and LSI Title filed cross-motions for partial summary judgement. In her motion for partial summary judgment, Plaintiff asserted that Defendants failed to give notice of the foreclosure sale of her residence and that the foreclosure sale of her property was improperly postponed for more than 180 days after the original sale date. In their motions for partial summary judgment, Defendants argued that an agreement between Saxon and Plaintiff precluded Plaintiff from filing a motion for summary judgment, that this court was required to hold a hearing pursuant to ORS 86.742(3) to determine whether Plaintiff had the ability to cure her default, and that Plaintiff was given actual notice of the foreclosure sale date.

The parties' motions for partial summary judgment were fully briefed, and oral argument was held on May 18, 2011. On May 31, 2011, I issued an order denying the parties' motions for partial summary judgement. That same day, May 31, 2011, Plaintiff filed her Motion to Amend.

## STANDARDS

Whether to grant or deny a motion to amend pleadings is a matter within the court's discretion. Pisciotta v. Teledyne Indus., Inc., 91 F.3d 1326, 1331 (9th Cir. 1996). The policy favoring amendment, however, is to be applied with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), it "is not to be

3 - OPINION AND ORDER

granted automatically." Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990).  In

evaluating the propriety of a motion for leave to amend, "we consider five factors: (1) bad faith;

(2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5)

whether the plaintiff has previously amended his complaint." E.g., Nunes v. Ashcroft, 375 F.3d

805, 808 (9th Cir. 2004) (citation omitted).  Futility of an amendment alone can justify the denial

of a motion for leave to amend. Id.  Absent futility, prejudice to the opposing party is the most

important factor. E.g., Jackson, 902 F.2d at 1387 (citation omitted).

### DISCUSSION

**I. Fed. R. Civ. P. 15**

Plaintiff contends that granting her Motion to Amend would "promote the interests of

justice." See Pl.'s Mot. to Am., p. 2.  I examine the relevant Fed. R. Civ. P. 15(a) factors in turn.

### A.  Bad Faith

Bad faith in filing a motion for leave to amend exists when the addition of new legal

theories are baseless and presented for the purpose of prolonging the litigation, see Griggs v.

Pace American Group, Inc., 170 F.3d 877, 881 (9th Cir. 1999), or when the adverse party offers

evidence that shows "wrongful motive" on the part of the moving party. See DCD Programs,

Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  No such evidence in the record suggests bad

faith by Plaintiff in bringing her Motion to Amend.  Accordingly, this factor is neutral in my

analysis.

### B. Undue Delay

Under Ninth Circuit law, a substantial delay on the part of the moving party, while not

dispositive, is nevertheless relevant. See Lockheed Martin Corp. v. Network Solutions Inc., 194

F.3d 980, 986 (9th Cir. 1999) (finding a motion to amend filed after several months with no

reason given for the delay supported the district court's denial of leave).  "Relevant to evaluating

the delay issue is whether the moving party knew or should have known the facts and theories

raised by the amendment in the original pleading." Jackson, 902 F.2d at 1388 (citations omitted).

      Plaintiff's Motion to Amend was filed over fourteen months after her original complaint

was removed from state court on March 30, 2010.  Plaintiff asserts that her "new claims are

based in part on discovery obtained from defendants." Pl.'s Reply to Saxon's Mem. Opposing

Mot. to Am. ("Pl.'s Reply to Saxon's Mem."), p. 2.  Beyond this conclusory statement, however,

Plaintiff fails to explain what discovery she obtained that would support granting her Motion to

Amend.  Plaintiff's cursory explanation as to why she did not did not amend her complaint until

this late stage of the proceedings is unavailing, especially when considering that Plaintiff waited

to seek leave to amend only after the parties' motions for partial summary judgment were fully

briefed, I held a hearing at which the parties argued their positions, and I issued an order denying

her motion for partial summary judgment.  Indeed, Plaintiff filed her Motion to Amend on May

31, 2011–the same day discovery closed.  Additionally, the additional allegations and claims in

Plaintiff's proposed amended complaint include matters which she was apparently aware of when

the original complaint was filed and when she argued her motion for partial summary judgment.

In fact, Plaintiff concedes that "everything contained in the amend[ed] complaint was briefed and

argued in the motions for summary judgment." Pl.'s Reply to Saxon's Mem., p. 2.

      While undue delay is not dispositive, the delay between March 30, 2010, the day this case

was removed from state court, and May 31, 2011, the day Plaintiff filed her amended complaint,

weighs against granting Plaintiff's Motion to Amend.

5 - OPINION AND ORDER

### C. Prejudice to Defendants

"[T]he consideration of prejudice to the opposing party . . . carries the greatest weight." Eminence Capital, LLC, 316 F.3d at 1052.  A need to reopen discovery, a delay in the proceedings, or the addition of complaints or parties are indicators of prejudice.  See, e.g., Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of motion to amend pleadings filed five days before close of discovery where additional causes of action would have required additional discovery, prejudicing defendant and delaying proceedings); Solomon v. N. Am. Life and Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (holding the district court did not abuse its discretion in denying plaintiff's motion to amend on grounds of undue delay and prejudice where the motion was made "on the eve of the discovery deadline . . . [and] would have required re-opening discovery, thus delaying the proceedings").

Defendants challenge the proposed amended complaint on grounds of prejudice. Specifically, they argue that the new allegations and claims in the proposed amended complaint would require the court to reopen discovery to allow Defendants to determine the basis for Plaintiff's new allegations, including her promissory estoppel claim which seeks a punitive damage award of up to $1,000,000.

I find that Defendants would be prejudiced by granting Plaintiff's Motion to Amend. Plaintiff's new legal theories and allegations would require the reopening of discovery and a probable new round of dispositive motions, all of which would likely result in a significant delay in resolving this matter.  On these grounds alone, the court is well within its discretion to deny Plaintiff's Motion to Amend.  See, e.g., Lockheed Martin Corp., 194 F.3d at 986 ("A need to

reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").

Furthermore, "an amended complaint is [generally ] not permitted after the close of discovery and after a motion for summary judgment has been filed." Howard v. Klika, No. Civ.03-792-AA, 2004 WL 2966911, at *1 (D. Or. 2004) (citations omitted). Here, Plaintiff filed her Motion to Amend on the same day that discovery closed, and the parties have not only filed their motions for partial summary judgment, but also fully briefed them. Moreover, the parties were allowed to argue their positions at oral argument on May 18, 2011, with respect to their motions for partial summary judgment, and I issued an order denying their motions. As discussed above, Plaintiff was aware of the facts and circumstances giving rise to her new claims when briefing her motion for summary judgment. The inclusion of these new claims at this late juncture would be prejudicial and delay the final resolution of the claims currently before me.

Plaintiff replies that her counsel announced Plaintiff's intent to amend her complaint at the May 18, 2011, hearing addressing the parties' motions for partial summary judgment. Plaintiff also indicates that because she is willing to stipulate to an extension of the discovery deadlines, Defendants are not prejudiced by her Motion to Amend. Plaintiff's stated intent to amend her complaint at oral argument on May 18, 2011, and willingness to amend her complaint, however, are unpersuasive.

Pursuant to Fed. R. Civ. P. 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Thus, "[a] party seeking to amend a pleading after a scheduling order has been entered pursuant to Federal Rule of Civil Procedure 16(b) must first show 'good cause' for amending the scheduling order before the court considers whether the

amendment satisfies the requirements of Rule 15(a)."[1] Ashby v. Farmers Ins. Co., No. 01-CV-1446-BR, 2007 U.S. Dist. LEXIS 97502, at *4 (D. Or. 2007) (citation omitted).  The local rules for the United States District Court for the District of Oregon further provide that "objections to any court-imposed deadline must be raised by motion and must: (1)[S]how good cause why the deadlines should be modified[;] (2) Show effective prior use of time; (3) Recommend a new date for the deadline in question [; and] (4) Show the impact of the proposed extension upon other existing deadlines, settings, or schedules."  Local Rule 16(3)(a).

Here, the Honorable Ancer L. Haggerty issued a scheduling order on February 16, 2011, setting the discovery deadline for May 31, 2011.  Plaintiff, however, has not shown good cause why this court's scheduling order should be modified to allow her to amend her complaint, especially where I have already issued an order denying her motion for partial summary judgment and where she now seeks to add claims and allegations on the close of discovery.

In sum, the prejudice factor weighs heavily in favor of Defendants and is determinative.  See Bassani v. Sutton, No. 10–35482, 2011 WL 1626452, at *1 (9th Cir. 2011) (holding that "the district court's ultimate conclusions—that there would be undue delay and prejudice to the defendants if plaintiff were allowed to amend his complaint two years into litigation and after the close of discovery—were not an abuse of discretion"); see, e.g., Milt's Flying Serv., Inc. v. AV Fin., Inc., No. CV 01-180-BR, 2002 WL 31975066, at *5 (D. Or. 2002) (concluding that plaintiff's leave to amend would result in undue delay and prejudice where plaintiff's motion "was made on the eve of the latest completion-of-discovery deadline, time ha[d] otherwise

---

[1] Fed. R. Civ. P. 15(a)(2) provides, in relevant part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."

8 - OPINION AND ORDER

expired on the numerous case management extensions previously permitted, Defendants' Motion

for Summary Judgment [was] pending against [p]laintiff's First Amended Complaint, and

[p]laintiff knew or should have discovered a year before [p]laintiff filed the [m]otion the 'newly

discovered' information that purportedly warrant[ed] the amendment").

### D. Futility of the Amendment

With respect to futility, Plaintiff argues that I already addressed the issues raised in her

proposed amended complaint in my May 31, 2011, order addressing the parties' motions for

partial summary judgment.  Thus, she asserts that Saxon essentially asks this court to reconsider

issues already decided by this court.  I, however, did not address all the allegations and claims

now raised in Plaintiff's proposed amended complaint, including her claims for promissory

estoppel and breach of implied duty of good faith and fair dealing.

"[A] proposed amendment is futile only if no set of facts can be proved under the

amendment to the pleadings that would constitute a valid and sufficient claim or defense."  E.g.,

Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  I find that Plaintiff's new

allegations and claims would require additionally discovery, and will turn on evidence not

presently before me at this time.  Accordingly, I cannot conclude on the record before me that

Plaintiff's proposed amendment would be futile.

### E. Whether the Party Has Previously Amended Her Complaint

Although Plaintiff has not previously amended her complaint, this factor is insufficient to

overcome the undue delay and prejudice to which Defendants would be subject if I were to grant

Plaintiff's Motion to Amend.

9 - OPINION AND ORDER

In sum, the consideration of the five factors discussed above weigh against granting Plaintiff's leave to amend.

## II.  Local Rule 15-1

Plaintiff's Motion to Amend also fails to comply with Local Rule 15-1.  Local Rule 15-1(c) requires that "any party moving for leave to file an amended or supplemental pleading must describe the proposed changes."  It mandates that "any party moving for leave to amend a pleading must, in the mandatory legal memorandum supporting the motion, describe with particularity all of the proposed changes to the party's pleading."  See, e.g., Wright v. Am.'s Bulletin Newspaper Corp., No. CV 10–6118–PK, 2011 WL 2213722, at *10 (D. Or. 2011) (citing Local Rule 15-1(c)).  As noted within this district, the Local Rules are "not intended to serve as legal advice to the parties, but rather to serve as a guide to compliance with a limited subset of procedural rules applicable to federal motion practice . . . [and may] be strictly enforced . . . ."  Id.  "The basic reason why special procedural rules apply to the amendment of a pleading is that a party against whom claims have been alleged . . . is entitled to understand the nature of the claims . . . without need for guesswork, undue burden, or surprise."  Id. at *9.

Here, Plaintiff makes no attempt to describe the changes made in her proposed amended pleading.  I find Plaintiff's failure to do so especially burdensome and prejudicial to Defendants in this instance where I have already issued an order on the parties' motions for partial summary judgment and where some of Plaintiff's new allegations appear to overlap with those already addressed in that order.  Plaintiff's procedural impropriety provides additional support to deny her Motion to Amend.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Amend (doc. #59) is denied.  Defendants'

request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this 28th day of June, 2011.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

11 - OPINION AND ORDER